CHARTER TOWNSHIP OF OSHTEMO;
City of Kalamazoo; Kalamazoo County;
and The Upjohn Company, Plaintiffs,

v.

AMERICAN CYANAMID COMPANY;
et al., Defendants.

No. 1:92:CV:843.

United States District Court,
W.D. Michigan.

Jan. 13, 1994.

Richard D. Reed, Reed, Stover & O'Connor, PC, Kalamazoo, MI, for Charter Tp. of Oshtemo.

Robert H. Cinabro, Office of City Atty., Kalamazoo, MI, for City of Kalamazoo.

Duane T. Triemstra, Kalamazoo County Bd. of Com'rs, Kalamazoo, MI, for Kalamazoo County.

Scott S. Brinkmeyer, Marjorie McKenney Dixon, Mika, Meyers, Beckett & Jones, Grand Rapids, MI, Martha J. Koster, Stephen M. Leonard, Lee H. Glickenhaus, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, MA, for Upjohn Co.

Thomas W. Daggett, Wildman, Harrold, Allen & Dixon, Chicago, IL, for American Cyanamid Co.

Charles M. Denton, Michael F. Kelly, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, Philip A. Grashoff, Jr., David B. Nelson, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for Arco Industries Corp.

Paul Theodore Vlachos, Vlachos & Vlachos, Kalamazoo, MI, for Balkema, Inc., Woolf Excavating, Inc.

Dustin P. Ordway, John L. Teeples, Dickinson, Wright, Moon, Van Dusen & Freeman, Grand Rapids, MI, for Borden Chemical, Inc., Goodyear Tire and Rubber Co., Motor Wheel Corp.

Daniel P. Malone, Lynn A. Sheehy, Butzel Long, Detroit, MI, Howard E. Jarvis, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, TN, for Bridgestone/Firestone, Inc.

Todd R. Dickinson, Philip G. Henderson, Tolley, Verwys, Vandenbosch & Walton, PC, Grand Rapids, MI, for Brunswick Corp.

John R. LaParl, Jr., Smith, LaParl & Mequio, Portage, MI, for Cello–Foil Products, Inc.

Robert A. Soltis, Ford & Kriekard, PC, Portage, MI, for City of Parchment.

James Shek, Cornell, Dalzell, Ramey & Shek, Alan H. Silverman, Alan H. Silverman,

P.C., Kalamazoo, MI, for City Star Service, Inc.

Mary M. Bittence, Baker & Hostetler, Cleveland, OH, Cynthia P. Ortega, Cynthia P. Ortega Law Offices, Kalamazoo, MI, for Eaton Corp.

Steven C. Kohl, Howard & Howard, PC, Bloomfield Hills, MI, for Fabri–Kal Corp.

John A. Ferroli, Dykema, Gossett, Grand Rapids, MI, James G. Fausone, Dykema, Gossett, Detroit, MI, for General Motors Corp.

Timothy C. Russell, Stuart E. Hunt, Sonnenschein, Nath & Rosenthal, Washington, DC, for Hoover Group, Inc., Sequa Corp.

Charles M. Denton, George B. Davis, Michael F. Kelly, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Hydreco, Inc.

Charles M. Denton, George B. Davis, Michael F. Kelly, Varnum, Riddering, Schmidt & Howlett, John N. Cooper, II, Oosterbaan, York, Cooper & Peterson, Kalamazoo, MI, for Illinois Envelope, Inc., Meyer, Inc., Schawk, Inc.

John H. Hess, Hess & Hess, Grand Rapids, MI, Steven P. Means, Michael, Best & Friedrich, Madison, WI, for Intern. Paper.

Dennis H. Benson, Benson, McCurdy & Wotila, PC, Cadillac, MI, for Kysor Indus. Corp.

James R. Nelson, Nelson & Kreuger, PC, Grand Rapids, MI, Brian J. Jordan, Michigan Bell Telephone Co., Detroit, MI, for Michigan Bell Telephone Co.

Gary A. Trepod, Honigman, Miller, Schwartz & Cohn, Lansing, MI, Christopher J. Dunsky, Honingman, Miller, Schwartz & Cohn, Detroit, MI, for Michigan Disposal Service Corp.

Eric J. Eggan, Asst. Atty. Gen., Marvin L. Bromley, Frank J. Kelley, Atty. Gen., Transp. Div., Lansing, MI, for State of Mich.

Sharan Lee Levine, Randall S. Levine, PC, Kalamazoo, MI, Kathryn Browning Fuller, Beveridge & Diamond, PC, New York City, for Penn Corp.

Randall S. Schau, Gemrich, Moser, Bowser, Fette, Kalamazoo, MI, for Prab Robots, Inc., Taplin Enterprises, Inc.

Lynda E. Thomsen, Thomas M. Canny, Bauckham, Sparks, Rolfe & Thomsen, Kalamazoo, MI, for Richland Tp.

Steven C. Kohl, Howard & Howard, PC, Bloomfield Hills, MI, William H. Harbeck, Quarles & Brady, Milwaukee, WI, for Simpson Plainwell Paper Co.

Arthur Staton, Jr., Ford & Kriekard, PC, Portage, MI, for Stewart Sutherland, Inc.

Timothy C. Russell, Stuart E. Hunt, Sonnenschein, Nath & Rosenthal, Washington, DC, for Sun Chemical Corp.

Charles H. Tisdale, Jr., King & Spaulding, Atlanta, GA, for Union Camp Corp.

William J. Anaya, Frederick S. Mueller, Daniel C. Murray, Robert W. York, Johnson & Bell, Ltd., Chicago, IL, for Walgreen Co.

David H. Fink, Avery K. Williams, Cooper, Fink & Zausmer, PC, Farmington Hills, MI, for Waste Management of Michigan, Inc.

Gary A. Trepod, Honigman, Miller, Schwartz & Cohn, Lansing, MI, Christopher J. Dunsky, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for Michigan Disposal Service Corp.

## *OPINION*

ENSLEN, District Judge.

This matter is before the Court on defendant Illinois Envelope, Inc.'s ("Illinois Envelope II") motion for summary judgment, pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. Because defendant is basing its motion in part on an affidavit that is not part of the complaint, the motion will be treated under Rule 56. *See* Rule 12(b).

The complaint seeks reimbursement for response costs incurred by plaintiff in cleaning up the KL Avenue Landfill, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9607.

## FACTS

On May 1, 1985, a predecessor of Illinois Envelope II, also called Illinois Envelope, Inc. (Illinois Envelope I), sold its assets and

its name to a group of purchasers from a company formed just two weeks earlier, J. Bach Acquisition Company. Shortly after the asset sale, J. Bach changed its name to Illinois Envelope, Inc. (Illinois Envelope II).

Although none of the shareholders of the former company are shareholders in the new company, one of the two shareholders of Illinois Envelope II is Jerry Chew, who was president and a director of Illinois Envelope I. Mr. Chew is currently a president and board member of Illinois Envelope II. The only other shareholder of Illinois Envelope II is Thomas Huff. Also, Stephen DeYoung, the Treasurer of Illinois Envelope II, was controller of Illinois Envelope I.

After the sale, Illinois Envelope I dissolved and distributed its assets, including proceeds from the asset sale, to its shareholders. Illinois Envelope II claims that it was unaware that its predecessor was a generator of waste at the KL Avenue Landfill. The remedial investigation of that site did not occur until 1986, which was after the asset sale had been completed.

The company is still at the same location and continues to be in the business of manufacturing envelopes. Mr. Chew is still its president. Apparently, the work force did not change significantly, if at all.

Plaintiffs seek to hold Illinois Envelope II jointly and severally liable as a successor company of Illinois Envelope I.

### Standard for Summary Judgment

In reviewing a motion for summary judgment pursuant to Rule 56, this Court should only consider the narrow questions of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a Rule 56 motion, the Court cannot resolve issues of fact, but is empowered to determine only whether there are issues in dispute to be decided in a trial on the merits. *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987); *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir. 1982).

The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir.1989).

A motion for summary judgment requires this Court to view " 'inferences to be drawn from the underlying facts ... in the light most favorable to the party opposing the motion.' " *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)), *quoted in Historic Preservation Guild v. Burnley*, 896 F.2d 985, 993 (6th Cir.1989). On the other hand, the opponent has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a *genuine issue for trial.*'" *Historic Preservation*, 896 F.2d at 993 (quoting *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356).

As the Sixth Circuit has recognized and consistently emphasized, recent Supreme Court decisions encourage the granting of summary judgments where there are no material facts in dispute. *Historic Preservation*, 896 F.2d at 993 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The courts have noted that the summary judgment motion may be an "appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989) (quoting *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2554–55). Consistent with the concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] positions will be insufficient." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. "Mere allegations do not suffice." *Cloverdale*, 869 F.2d at 937. "[T]he party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." *Id.*

## DISCUSSION

### Successor Liability

Plaintiffs do not claim that Illinois Envelope II generated any of the waste that was present at the KL Avenue Landfill, which was closed before the new corporation came into existence. Rather, plaintiffs claim that successor liability should attach to Illinois Envelope II for the liability of its predecessor, Illinois Envelope I, which is alleged to have been a generator of waste at the site.

Ordinarily, a successor corporation, under Michigan law, is not responsible for the liabilities of a predecessor. However, one exception is if the purchasing corporation is a mere continuation of the selling corporation. *Turner v. Bituminous Casualty Co.*, 397 Mich. 406, 434–36, 244 N.W.2d 873 (1976).

■ This exception includes the situation of a sale of corporate assets for cash, even if there is no "continuity of shareholders," provided three requirements are satisfied:

1.  There is a continuation of the enterprise of the seller corporation, so that there is a continuity of management, personnel, physical location, asset, and general business operations.
2.  The seller corporation ceases its ordinary business operations, liquidates and dissolves as soon as legally and practically possible.
3.  The purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation.

*City Environmental, Inc. v. U.S. Chemical Co.*, 814 F.Supp. 624, 635 (E.D.Mich.1993) (citing *Turner*, 244 N.W.2d 873, 879, 883). Since *Turner*, Michigan courts have held that dissolution of the seller is not required. *Id.* at 635 (citing *Haney v. Bendix Corp.*, 88 Mich.App. 747, 279 N.W.2d 544 (1979)).

The Michigan cases allowing for liability to attach to a successor corporation have been in a products liability context. However, as stated by the Eighth Circuit, CERCLA liability can attach to a successor corporation where there is a continuity of enterprise and some sufficient tie between the selling and purchasing corporations to warrant holding the successor liable under CERCLA. *City Environmental*, 814 F.Supp. at 638 (citing *United States v. Mexico Feed & Seed Co.*, 980 F.2d 478, 488–89 (8th Cir.1992)).

■ I agree with the court in *City Environmental* that the test from the Eighth Circuit concerning a substantial continuity test would apply to CERCLA cases in Michigan. *Id.* This test considers not only an identity of stock, stockholders and officers between the two corporations, but also "whether the purchaser retained the same facilities, same employees, same name, same production facilities, in the same location, the same supervisory personnel; and produced the same product; maintained a continuity in assets; and held itself out to the public as a continuation of the previous enterprise." *Mexico Feed*, 980 F.2d at 488, n. 10.

Although defendant Illinois Envelope II notes that *City Environmental* found that the successor corporation should not be found liable under its facts, the facts in the present case are much more compelling. In the present case, Mr. Chew, the president and member of the board of directors of the selling corporation became one of the two owners of the successor corporation, as well as president of the successor corporation. In addition, the Treasurer of the successor corporation was controller of the predecessor.

The enterprise continued without any significant break with the same employees, at the same location, and even under the same name. The seller corporation dissolved right after selling its assets. Finally, the purchasing corporation was not an existing corporation with its own identity prior to the sale, but was formed specifically for the purpose of purchasing the assets of the former corporation.

In contrast, there was no overlap of corporate officers or directors in *City Environmental*, the successor corporation had been an established corporation with its own identity and reputation long before the asset sale, and the predecessor corporation did not dissolve right after the sale.

Defendant's attempts to limit the substantial continuity doctrine to successors in product liability cases or, at least, to CERCLA cases in which there is some overlap of shareholders between the seller and purchaser corporations are without merit in light of *Turner, Haney,* and *City Environmental.* The test set out in *Mexico Feed* and adopted in *City Environmental* as applicable to CERCLA cases in Michigan has clearly been satisfied. Consequently, Illinois Envelope's motion for summary judgment is denied.